IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 08-cv-02053-LTB

ROBERT E. HOLZBERLEIN,

    Plaintiff,

v.

OM FINANCIAL LIFE INSURANCE COMPANY,

    Defendant and Third-Party Plaintiff,

v.

RICHARD HOLZBERLEIN,
CAROL FISHBACK, and
TIMONTHY HOLZBERLEIN,

    Third-Party Defendants.
_____

**ORDER**
_____

This annuity beneficiary dispute is before me on Plaintiff, Robert E. Holzberlein's, Motion to Strike [**Docket # 12**]; Defendant, OM Financial Life Insurance Company's, Response [**Docket # 16**]; and Plaintiff's Reply [**Docket # 23**]. Oral argument would not materially assist the determination of this motion. After consideration of the motion, the papers, and the case file, and for the reasons stated below, I DENY Plaintiff's Motion to Strike [**Docket # 12**].

**I. BACKGROUND**

The following facts are alleged. In 2003, Mary Holzberlein ("Decedent") purchased three annuity certificates from Defendant, naming the three third-party

defendants as equal beneficiaries of each annuity.  On June 23, 2005, Decedent sent Defendant a written request purporting to add Plaintiff as a beneficiary, and modifying the share of the three existing beneficiaries such that each of the beneficiaries—then totaling four in number—would receive an equal share.  Defendant found the change-of-beneficiary forms improperly executed, and therefore sent a letter to Decedent on June 28, 2005, requesting the forms be returned with proper designations and signatures.  Decedent never returned the forms in the format requested by Defendant.

Decedent died on January 27, 2007.  Defendant received benefits claims from the three third-party defendants and paid each a one-third share of the annuity funds on or before July 13, 2007.  On September 12, 2008, Defendant received a claim from Plaintiff for one-fourth of the annuity funds.  Defendant denied Plaintiff's claim, and Plaintiff brought the present complaint seeking to enforce his claim to one-fourth of the annuity proceeds.

On October 30, 2008, Defendant filed a counterclaim against Plaintiff seeking a declaration from this Court stating the proper beneficiaries of the annuity funds; and—should the Court determine Plaintiff was also entitled to a share of the annuity funds—a third-party complaint against the three beneficiaries already paid for unjust enrichment [**Docket # 9**].  Plaintiff moves to strike Defendant's counterclaim and third-party complaint under FED. R. CIV. P. 12(f).

## II.  STANDARD OF REVIEW

Rule 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  The rule's

purpose is to conserve time and resources by avoiding litigation of issues which will not affect the outcome of the case. *See Sierra Club v. Tri-State Generation & Transmission Ass'n, Inc.*, 173 F.R.D. 275, 285 (D. Colo. 1997). "Motions to strike are a severe remedy, and as such are generally disfavored." *Sender v. Mann*, 423 F. Supp. 2d 1155, 1163 (D. Colo. 2006). "Allegations will not be stricken as immaterial under this rule unless they have no possible bearing on the controversy." *Sierra Club v. Tri-State*, 173 F.R.D. at 285 (citations omitted). Moreover, "motions to strike are usually only granted when the allegations have no bearing on the controversy and the movant can show that he has been prejudiced." *Sierra Club v. Young Life Campaign, Inc.*, 176 F. Supp. 2d 1070, 1086 (D. Colo. 2001). The burden of proof is a heavy one. *Id.*

### III. ANALYSIS

Plaintiff argues Defendant's declaratory judgment counterclaim should be stricken as redundant and immaterial. Plaintiff claims the proper time for a declaratory judgment action was before the funds were distributed to the three third-party defendants, and such a declaration would therefore have no bearing on the present controversy. I disagree. Defendant's request for declaratory judgment seeks to clarify the rights of each of the five relevant parties in this action—Plaintiff, Defendant, and the three third-party defendants—while Plaintiff's complaint seeks only damages from Defendant. Determining the rights and obligations of each party to the annuity contract—or the alleged annuity contract—will have a bearing on the outcome of this case above and beyond the determination of whether Defendant is liable to Plaintiff for damages. Accordingly, Plaintiff does not meet his heavy burden of showing the counterclaim is redundant and immaterial. *See Sierra Club v. Young Life Campaign*,

3

176 F. Supp. 2d at 1086.

Plaintiff next argues Defendant's unjust enrichment claims should be stricken. As Defendant correctly notes, however, Plaintiff lacks standing to move to strike a complaint filed against another party. *See* 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1349 (3d ed. 2004).

## IV.  CONCLUSION

Accordingly, Plaintiff's Motion to Strike [**Docket # 12**] is DENIED.

Dated: December 22, 2008.

                            BY THE COURT:

                            s/Lewis T. Babcock
                            Lewis T. Babcock, Judge