**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**LEWIS T. BABCOCK, JUDGE**

Civil Case No. 08-cv-02053-LTB

ROBERT E. HOLZBERLEIN,

      Plaintiff,

v.

OM FINANCIAL LIFE INSURANCE COMPANY,

      Defendant and Third-Party Plaintiff,

v.

RICHARD HOLZBERLEIN,
CAROL FISCHBACH, and
TIMOTHY HOLZBERLEIN,

      Third-Party Defendants.

_____

**ORDER**
_____


This annuity beneficiary dispute is before me on Defendant, OM Financial Life Insurance Company's ("Defendant") Combined Motion for Summary Judgment and Brief in Support [**Docket # 40**]; Plaintiff, Robert E. Holzberlein's, Response [**Docket # 44**], which incorporates arguments he previously made in support of his own Motion for Partial Summary Judgment [**Docket ## 37, 43**]; and Defendant's Reply [**Docket # 47**]. Oral argument would not materially assist the determination of this motion.

The following facts are alleged. In 2003, Mary Holzberlein ("Decedent") purchased three annuity certificates from Defendant, naming the three third-party defendants as equal primary beneficiaries of each annuity. On June 23, 2005, Decedent sent Defendant three written requests ("change-of-beneficiary forms") purporting to add Plaintiff as a beneficiary of each annuity, and modifying the share of the three existing beneficiaries such that each of the beneficiaries—then totaling four in number—would receive an equal share. Defendant found the change-of-beneficiary forms improperly executed, and therefore sent a letter to Decedent on June 28, 2005, requesting the forms be returned with proper designations and signatures. Decedent never returned the forms in the format requested by Defendant.

Decedent died on January 27, 2007. Defendant received benefits claims from the three third-party defendants and paid each a one-third share of the annuity funds on or before July 13, 2007. On September 12, 2008, Defendant received a claim from Plaintiff for one-fourth of the annuity funds. Defendant denied Plaintiff's claim, and Plaintiff brought the present complaint seeking to enforce his claim to one-fourth of the annuity proceeds. On October 30, 2008, Defendant filed a counterclaim against Plaintiff seeking a declaration from this Court stating the proper beneficiaries of the annuity funds; and—should the Court determine Plaintiff was also entitled to a share of the annuity funds—a third-party complaint against the three beneficiaries already paid for unjust enrichment.

On March 4, 2009, I denied Plaintiff's motion for summary judgment [**Docket # 45**]. As relevant to the present motion, I found as a matter of law that Decedent unambiguously expressed her intent to change the beneficiaries of the three annuities to include Plaintiff as an additional beneficiary. I also found, however, that Decedent's intent was ambiguous to the

extent that it was not clear from the face of the document whether Decedent had intended to add Plaintiff as a primary or contingent beneficiary, and it was further not clear whether Decedent intended to change the status of the other three beneficiaries.

Defendant filed a cross-motion for summary judgment. Defendant argues that because—as I found in my March 4, 2009, Order—Decedent's intent in regard to Plaintiff was ambiguous, any changes made by Decedent were ineffective as a matter of law. I disagree.

When a court determines a contract to be ambiguous, "the ambiguity . . . standing alone, presents a disputed issue of material fact." *Anderson v. Eby*, 998 F.2d 858, 865–66 (10th Cir. 1993). As noted in my March 4, 2009, Order, Decedent's intent when adding Plaintiff as a beneficiary is susceptible to three reasonable interpretations: (1) Decedent actually meant to add Plaintiff as a primary beneficiary without changing the status of the other primary beneficiaries, but mistakenly wrote the names of the four intended primary beneficiaries in the space marked for contingent beneficiaries; (2) Decedent actually meant to convert the original primary beneficiaries to contingent beneficiaries and add Plaintiff as an additional contingent beneficiary; or (3) Decedent actually meant to add Plaintiff as a contingent beneficiary and did not mean to convert the original primary beneficiaries into contingent beneficiaries.

Under the first two interpretations, Plaintiff would be entitled to a one-fourth share of the annuities proceeds. Only under the third interpretation would Plaintiff be entitled to no share. In order to prevail on summary judgment, therefore, Defendant must support its motion with extrinsic evidence which shows—when read in context with the surrounding circumstances and when construed in the manner most favorable to Plaintiff as the nonmoving party—the third interpretation is the only reasonable interpretation. *See Celotex Corp. v. Catrett*, 477 U.S. 317,

323 (1986); *Anderson*, 998 F.2d at 866; *Dorman v. Petrol Aspen, Inc.*, 914 P.2d 909, 911–12 (Colo. 1996).  As Defendant provides no such evidence, its Combined Motion for Summary Judgment and Brief in Support [**Docket # 40**] is likewise DENIED.


Dated: March   12  , 2009.

                        BY THE COURT:

                           s/Lewis T. Babcock
                        Lewis T. Babcock, Judge