**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE**

Civil Case No. 08-cv-02053-LTB-BNB

ROBERT E. HOLZBERLEIN,

      Plaintiff,

v.

OM FINANCIAL LIFE INSURANCE COMPANY,

      Defendant and Third-Party Plaintiff,

v.

RICHARD HOLZBERLEIN,
CAROL FISCHBACH, and
TIMOTHY HOLZBERLEIN,

      Third-Party Defendants.
_____

**ORDER**
_____

This annuity beneficiary dispute is before me on Plaintiff, Robert E. Holzberlein's, Second Motion for Summary Judgment [**Docket # 49**], and Defendant, OM Financial Life Insurance Company's ("Defendant"), Response [**Docket # 53**]. Oral argument would not materially assist the determination of this motion.

The following facts are alleged. In 2003, Mary Holzberlein ("Decedent") purchased three annuity certificates from Defendant, naming the three third-party defendants as equal primary beneficiaries of each annuity. On June 23, 2005, Decedent sent Defendant three written requests ("change-of-beneficiary forms") purporting to add Plaintiff as a beneficiary of each annuity, and modifying the share of the three existing beneficiaries such that each of the

beneficiaries—then totaling four in number—would receive an equal share. Defendant found the change-of-beneficiary forms improperly executed, and therefore sent a letter to Decedent on June 28, 2005, requesting the forms be returned with proper designations and signatures. Decedent never returned the forms in the format requested by Defendant.

Decedent died on January 27, 2007. Defendant received benefits claims from the three third-party defendants and paid each a one-third share of the annuity funds on or before July 13, 2007. On September 12, 2008, Defendant received a claim from Plaintiff for one-fourth of the annuity funds. Defendant denied Plaintiff's claim, and Plaintiff brought the present complaint seeking to enforce his claim to one-fourth of the annuity proceeds. On October 30, 2008, Defendant filed a counterclaim against Plaintiff seeking a declaration from this Court stating the proper beneficiaries of the annuity funds; and—should the Court determine Plaintiff was also entitled to a share of the annuity funds—a third-party complaint against the three beneficiaries already paid for unjust enrichment.

On March 4, 2009, I denied Plaintiff's motion for summary judgment [**Docket # 45**]. I found as a matter of law that Decedent unambiguously expressed her intent to change the beneficiaries of the three annuities to include Plaintiff as an additional beneficiary. I also found, however, that Decedent's intent was ambiguous to the extent that it was not clear from the face of the document whether Decedent had intended to add Plaintiff as a primary or contingent beneficiary, and it was further not clear whether Decedent intended to change the status of the other three beneficiaries. On March 12, 2009, I denied Defendant's motion for summary judgment for similar reasons [**Docket # 48**].

Plaintiff now files a second motion for summary judgment supported by an affidavit from

Third-Party Defendant Carol Fischbach. Fischbach states she was the person who filled out the change-of-beneficiary forms, and she did so at Decedent's request. Fischbach also states Decedent informed her that Decedent desired all four children to have an equal share of the annuities and instructed her to fill out the forms in a manner that would effectuate Decedent's intent. Fischbach claims the ambiguities present in the change-of-beneficiary forms were solely the result of Fischbach's own error in filling out the forms. Fischbach states she did not have Decedent's signature on these forms witnessed because Decedent told her that—based on Decedent's past practices with Defendant—Defendant did not require signatures on these forms to be witnessed.

Included with the affidavit is a "rough draft" of a statement Fischbach states she read to Decedent—who apparently was unable to read the draft due to her impaired vision—that expressed Decedent's wish that "all of my assets . . . be divided evenly between my children." Although the rough draft originally included the phrase "including: all annuities"—as well as a list of other assets including real estate, life insurance policies, and bank accounts—the term "all annuities" is plainly crossed out. Fischbach states she crossed out the term "all annuities" because she thought it was "too specific and redundant." The rough draft is signed by Decedent and dated June 17, 2005. Fischbach states a type-written and notarized copy of the rough draft was made, but its location is unknown.

As noted in prior orders in this case, when a court determines a contract to be ambiguous, "the ambiguity . . . standing alone, presents a disputed issue of material fact." *See Anderson v. Eby*, 998 F.2d 858, 865–66 (10th Cir. 1993). In order to prevail on summary judgment, therefore, Plaintiff must support his motion with uncontradicted evidence that shows—when

read in context with the surrounding circumstances and construed in the manner most favorable to Defendant as the nonmoving party—that his interpretation is the only reasonable interpretation. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Anderson*, 998 F.2d at 866; *Dorman v. Petrol Aspen, Inc*., 914 P.2d 909, 911–12 (Colo. 1996).

The "rough draft" clearly shows the term "all annuities" crossed out. When construed in the manner most favorable to Defendant, this suggests Decedent did not intend that the annuities "be divided evenly between my children." Although Fischbach proffers a counter-explanation, the explanation concerns only Fischbach's reasoning when she crossed out the "all annuities" term, and does not address the relevant issue—namely, what was Decedent's intent. Moreover, while Fischbach's story—if believed to be true—might clarify the ambiguity, a reasonable jury could also readily conclude Fischbach's statements lack credibility. When the resolution of disputed issues of fact relies on a credibility determination, summary judgment is not appropriate. *See Seamons v. Snow*, 206 F.3d 1021, 1026 (10th Cir. 2000).

Accordingly, Plaintiff's Second Motion for Summary Judgment [**Docket # 49**] is DENIED.

Dated: April   22  , 2009.

BY THE COURT:

   s/Lewis T. Babcock
Lewis T. Babcock, Judge

4