IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-02053-LTB-BNB

ROBERT E. HOLZBERLEIN,

Plaintiff,

v.

OM FINANCIAL LIFE INSURANCE COMPANY,

Defendant and Third-Party Plaintiff,

v.

CAROL FISCHBACH,
TIMOTHY HOLZBERLEIN, and
RICHARD HOLZBERLEIN,

Third-Party Defendants.

_____

**ORDER**
_____

This matter arises on the following:

(1) A letter [Doc. # 58, filed 9/8/2009] to the Clerk of the Court from third-party defendant Carol Fischbach, proceeding *pro se*, and requesting leave to appear by telephone at the final pretrial conference on September 14, 2009, at 9:00 a.m. I construe the letter as a Motion to Appear by Telephone;

(2) A proposed final pretrial order [Doc. # 55, filed 9/4/2009] (the "Plaintiff's Proposed Final Pretrial Order") submitted by the plaintiff and signed by plaintiff's counsel and Fischbach but not by counsel for defendant, OM Financial Life Insurance Company ("OM Financial"); and

(3) A proposed final pretrial order [Doc. # 56, filed 9/4/2009] ("OM Financial's Proposed Final Pretrial Order") submitted by OM Financial and signed by its counsel but not by plaintiff's counsel or Fischbach.

The plaintiff asserts claims for breach of three annuity contracts, alleging that he was added as a beneficiary to the annuities but that OM Financial refused to pay him his one-quarter share. Fischbach is the plaintiff's sister. She was joined as a third-party defendant by OM Financial on its claims for declaratory relief and unjust enrichment. The matter is set for a final pretrial conference on September 14, 2009; for a trial preparation conference before the district judge on April 9, 2010; and for a three day trial to the court commencing May 10, 2010.

Fischbach seeks leave to appear at the final pretrial conference by telephone based on an alleged lack of funds to travel from Colorado Springs to Denver to attend in person and because she is "scheduled for surgery on [her] right ankle and will be completely incapacitated for two weeks following the surgery." Motion to Appear by Telephone [Doc. # 58]. The motion fails to disclose when the surgery will occur and is not supported by a doctor's affidavit or any other evidence.

The lawyers, meanwhile, have submitted competing forms of a proposed final pretrial order. In this regard, counsel for OM Financial reports:

> OM Financial made every effort to jointly prepare and submit a proposed Final Pretrial Order with Plaintiff and Third-Party Defendant Carol Fischbach. Counsel for OM Financial requested information for the proposed Final Pretrial Order from Ms. Fischbach and never received a response to the request.
>
> Counsel for Plaintiff submitted a proposed Final Pretrial order to undersigned counsel with a statement of claims and defenses <u>on behalf of OM Financial</u> which was prepared by <u>counsel for Plaintiff</u>. Counsel for OM Financial objected and sent a revised

> Final Pretrial Order with a specific and detailed statement of
> claims and defenses prepared by counsel for OM Financial to be
> inserted on behalf of OM Financial. In addition, counsel for OM
> Financial included objections to Plaintiff's statements regarding
> summary judgment and a statement as to the status of Third-Party
> Defendants Richard and Timothy Holzberlein. Plaintiff's counsel
> refused to incorporate any of these changes and additions from
> counsel for OM Financial and insisted that OM Financial either
> sign the proposed Order as drafted by Plaintiff's counsel of submit
> its own.

OM Financial's Proposed Final Pretrial Order [Doc. # 56] at pp. 1-2 (original emphasis).

Appendix G to the local rules of practice, D.C.COLO.LCivR, includes the following instructions for the preparation of the final pretrial order:

> Counsel and any *pro se* party are directed to meet in advance of the
> pretrial conference and jointly to develop the contents of the
> proposed final pretrial order. . . . Also, attention is directed to Fed.
> R. Civ. P. 16(d) [now found at Rule 16(e)], which provides, in
> pertinent part, that "[t]he conference shall be attended by at least
> one of the attorneys who will conduct the trial for each of the
> parties and by any unrepresented parties."

It appears from the description of events provided by counsel for OM Financial that the parties have failed to comply with the requirements of the instructions for the preparation of the proposed final pretrial order. Fortunately, there is sufficient time before the trial for the parties to comply with the requirements of the local rule, <u>jointly</u> develop the proposed final pretrial order, and submit <u>a single</u> proposed final pretrial order for my review. To accommodate this and Fischbach's recovery from surgery, I will vacate and reset the final pretrial conference to a later date to allow Fischbach's personal attendance, as required by Rule 16(e), Fed. R. Civ. P.

IT IS ORDERED that the final pretrial conference set for September 14, 2009, at 9:00 a.m., is VACATED and RESET to **October 26, 2009, at 9:30 a.m.**, in Courtroom 401, 4th floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado. At least one of

the attorneys who will conduct the trial for each of the parties and any unrepresented parties must be present in person at the final pretrial conference.

IT IS FURTHER ORDERED that counsel for each party and any *pro se* parties shall meet in advance of the pretrial conference, jointly develop the contents of the proposed final pretrial order, and submit a single proposed final pretrial order for my review.  The proposed final pretrial order must be submitted to the court on or before **October 16, 2009**.

IT IS FURTHER ORDERED that the  Motion to Appear by Telephone is DENIED.

Dated September 9, 2009.

                                         BY THE COURT:

                                         s/ Boyd N. Boland
                                         United States Magistrate Judge